IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Brian McNair, ) | Criminal Action No.: 4:11-cr-2342-RBH |
| ) | Civil Action No.: 4:13-cv-1805-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Pending before the Court is Brian McNair's ("Petitioner's") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255. For the following reasons, Petitioner's Motion to Vacate is dismissed.[1]

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On May 22, 2011, a federal grand jury returned a five count superseding indictment against Petitioner. *See* Superseding Indictment, ECF No. 52. Count 1 charged Petitioner with conspiracy to possess with intent to distribute and distribute cocaine base, said conspiracy involving 280 or more grams or more of "crack" cocaine. *See id.* at 1. Count 2 further charged Petitioner with being a felon in possession of a firearm. *See id.* at 2. Count 3 further charged Petitioner with possessing with intent to distribute and distribution of a quantity of cocaine base. *See id.* at 3. Count 4 further charged Petitioner with possessing with intent to distribute and distribution of a quantity of cocaine base. *See id.* at 4. Finally, Count 5 also charged Petitioner with possessing with intent to distribute

---

[1] Because the pleadings, files, and records conclusively show that Petitioner is not entitled to relief, an evidentiary hearing is not necessary. *United States v. Diaz*, 547 Fed. App'x 303, 304 (4th Cir. 2013) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)); *see also United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010) (citing *United States v. Baysden*, 326 F.2d 629, 631 (4th Cir. 1964)) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

and distribution of a quantity of cocaine base. *See id.* at 5. On June 6, 2012, Petitioner entered into a written plea agreement. *See* Plea Agreement, ECF No. 64. In the plea agreement, Petitioner agreed to plead guilty to Count 3 of the indictment, possession with intent to distribute and distribution of a quantity of cocaine base, and in exchange the Government agreed to dismiss Counts 1, 2, 4, and 5 if Defendant complied with the terms of the agreement. *See id.* at 1–2. The Government also agreed to a stipulated sentence pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure if Petitioner complied with the terms of the agreement. *See id.* at 7.

On November 6, 2012, the Court sentenced Petitioner to a term of 180 months. *See* Minute Entry, ECF No. 82; Judgment, ECF No. 87. Petitioner filed a notice of appeal on November 6, 2012. *See* Notice of Appeal, ECF No. 83. Defense counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), alleging that he had found no meritorious issues for appeal but questioning whether the district court complied with Rule 11 of the Federal Rules of Criminal Procedure at McNair's change of plea hearing and whether his sentence was reasonable. *See United States v. McNair*, 524 Fed. App'x 901, 902 (4th Cir. 2013). Petitioner also filed a *pro se* brief asserting that the Double Jeopardy Clause of the Fifth Amendment barred his federal prosecution. *Id.* On May 16, 2013, the Fourth Circuit Court of Appeals found that the District Court complied with Rule 11's requirements and that McNair's federal prosecution was not in violation of double jeopardy, as his case was firmly within the dual sovereign exception. *Id.* at 902–03. The Fourth Circuit also dismissed Petitioner's appeal as to his Rule 11(c)(1)(C) stipulated sentence, finding that it lacked jurisdiction over the appeal. *See id.* at 903.

On July 1, 2013, Petitioner filed the instant Motion to Vacate. *See* ECF No. 111. Petitioner moved to supplement his motion with an additional affidavit on August 2, 2013, *see* ECF No. 118, which the Court granted on August 5, 2013, *see* Text Order, ECF No. 120. On October 9, 2013, the

Government filed a Motion for Summary Judgment, asserting that Petitioner's Motion was without merit.  *See* ECF No. 127.  An Order filed October 16, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advised Petitioner of the dismissal procedure and the possible consequences if he failed to respond adequately.  *See* ECF No. 128.  The Government also filed a response in opposition to Petitioner's motion, and both of Petitioner's defense attorneys filed affidavits detailing their representation of Petitioner.  *See* ECF Nos. 123–25.  Plaintiff timely filed a response in opposition to Defendant's motion on November 25, 2013.  *See* ECF No. 137.

Petitioner's Motion to Vacate alleges the following ground for relief:

> **Ground 1**:   Whether before the plea entry Mr. R. Scott Joye misadvised and failed to inform movant that his stipulated plea to 180 months imprisonment based on 1 kilogram of crack cocaine and a half kilogram of powder cocaine not noticed or charged by the grand jury and returned in the indictment Count Three and proven to a jury beyond a reasonable doubt, rendered his plea unintelligent and involuntary in violation of his 5th Amendment right to be informed of the nature and cause of the accusation against him, and his 6th Amendment right to effective assistance of counsel as guaranteed by the United States Constitution and due process and Fed. R. Crim. P. 11(c)(1)(C)?

ECF No. 113-3 at 1.

## APPLICABLE LAW[2]

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255.  In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a

---

[2] It is undisputed that Petitioner's Motion to Vacate was timely filed within the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") one-year statute of limitations.  *See* 28 U.S.C. § 2255(f).

sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).  An evidentiary hearing "is required when a movant presents a colorable [] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 Fed. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)).  However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 Fed. App'x 954, 955 (4th Cir. 2007).  Conclusory allegations contained within affidavits do not require a hearing.  *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Petitioner's Motion to Vacate alleges ineffective assistance of counsel.  Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255.  The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI.  The United States Supreme Court has interpreted the Sixth Amendment to require that counsel be effective.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*,

4

397 U.S. 759, 771, n.14 (1970)). In order to prevail on an ineffective assistance claim, petitioner must satisfy the two-prong test of *Strickland* that (1) his "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687–88, 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court applying the *Strickland* test may apply either prong first and does not need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id.* at 697.

In examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the "distorting effects of hindsight." *Id.*

Regarding "deficient performance," a court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689. While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot be deemed ineffective or deficient if he fails to raise a defense which is "very weak." *Smith v. State of S.C.*, 882 F.2d 895, 899 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3rd Cir. 1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, a court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id.* A defendant cannot show that a proceeding was fundamentally unfair if the

5

underlying claims the attorney failed to raise are meritless, because the outcome of the proceeding would not have been different.

## ANALYSIS

### I.     Ground I: Ineffective Assistance of Counsel

Petitioner's only ground appears to assert that he received ineffective assistance of counsel because his attorney, Scott Joye, did not advise him that his stipulated plea was based on drug weights that were not alleged in the indictment and proven to the jury beyond a reasonable doubt. *See* ECF No. 111-3 at 1.  As the Government correctly notes, Petitioner's argument therefore appears to be based on Petitioner's erroneous understanding of *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013).  Petitioner argues that his attorney informed him he faced a life sentence if he proceeded to trial, and advised him that taking a plea for 180 months was much better than that sentence.  *See* ECF No. 111-3 at 2–3.  He asserts defense counsel did not inform him that 280 grams of cocaine base were required to trigger the mandatory minimum of ten years.  *See id.*  Moreover, he contends that counsel did not inform him of the marijuana equivalency table and the government's intent to use that table in calculating his base offense level. *See id.* at 4. Petitioner argues that counsel should have advised him to plead guilty to the gun charge, Count 2, and "proceed to trial on count three for the drugs." *See id.* at 5.  Ultimately, he asserts counsel was ineffective in failing to inform him that the drug weights alleged in the indictment would have to be proven beyond a reasonable doubt before the Court could impose a sentence beyond the mandatory minimum.  *See id.* at 6. He argues that, "but for" counsel's ineffectiveness, the government would have allowed him to conditionally plea to Count Two instead of Count Three and proceed to trial on Count Three.  *See id.* at 7.

Petitioner later moved to supplement his initial motion with an affidavit, which the Court granted. In his affidavit, Petitioner asserts that his initial defense counsel, Michael Meetze, informed him that the government had not charged him with a federal offense and that he was going to get the case dismissed. *See* ECF No. 118 at 2; ECF No. 118-1 at 2. Petitioner also claims that Attorney Meetze told him that possession of a firearm was not a crime of violence because he was not affective commerce. *See* ECF No. 118-1 at 2. Petitioner asserts that after Attorney Meetze had to withdraw due to a conflict of interest, his case "went from being dismissed . . . to pleading guilty for a sentence of 15 years." *Id.* He argues that this information creates a genuine issue of material fact with regard to ineffective assistance and the validity of Petitioner's plea agreement. *See* ECF No. 118 at 2.

The Government responded, asserting that *Alleyne* has no bearing on relevant conduct and does not require that relevant conduct under the United States Sentencing Guidelines ("U.S.S.G.") be pled in an indictment and proven to a jury beyond a reasonable doubt. *See* ECF No. 126 at 1. Rather, *Alleyne* concerns any factor which increases a statutory mandatory minimum. Moreover, the Government notes that Petitioner agreed to a Rule 11(c)(1)(C) stipulated sentence, so his sentence wasn't even governed by the guidelines. *See id.* The Government also notes that Petitioner faced a guideline range of 360 months to life, yet his 11(c)(1)(C) stipulated sentence was only 180 months. *See id.* The Government then cites to the affidavits provided both by Attorney Meetze and Attorney Joye to contradict McNair's factual assertions. *See id.* Finally, the government notes that at his guilty plea colloquy, McNair was informed of the penalties he faced, the elements of the offense to which he was pleading, and the concept of relevant conduct. *See id.*

Attorney Meetze provided two affidavits detailing his representation of Petitioner. In his second affidavit, he notes that he represented Petitioner from December 19, 2011 until March 22,

7

2012. *See* ECF No. 124 at 1. He also avers that while he did discuss the factual and legal issues involved in Petitioner's case with Petitioner, he never made the alleged statements that Petitioner was not charged with a federal crime and he was going to get the case dismissed. *See id.*

Attorney Joye also provided an affidavit detailing his representation of Petitioner from March 22, 2012 until his filing of an appeal on November 8, 2012. *See* ECF No. 125 at 1. In his affidavit, Joye indicated that Petitioner was initially indicted on a two count indictment, and he reviewed the discovery material at length with Petitioner. Joye avers that throughout the meetings, Petitioner claimed he had been granted immunity from prosecution based on his cooperation with the Dillon County Sheriff's Department, and that he had signed a contract with them. ECF No. 125 at 2. Petitioner, however, told Joye that he no longer had a copy of the contract. *See id.* Joye subpoenaed the Sheriff's Department and received a call from a Lieutenant who informed him that while Petitioner had been offered an opportunity to help and possible avoid being charged, he had not gone any further in the process beyond the initial debriefing and there was no written contract. *See id.* Joye advised Petitioner that his story did not match up with the version relayed by the Sheriff's Department, and that even if it did, the local authorities could not bind the federal government. *See id.* Furthermore, Joye testified, subsequent to the purported promise there was an undercover purchase of crack cocaine where Petitioner was at least present on the video, and at the time of the federal charges Petitioner allegedly had cocaine base present on him. *See id.* Thus, Joye advised Petitioner that there was sufficient evidence to supersede the indictment and add counts, that the Government could file additional Section 851 sentencing enhancements, and that Petitioner's guideline range could begin at life. *See id.* at 3.

Based on all the available information, Joye avers he was seeking to negotiate a plea with the U.S. Attorney pursuant to Rule 11(c)(1)(C) of 10 years, which Petitioner rejected. *See id.*

Petitioner, however, was subsequently indicted with an additional three counts. *See id.* Joye advised him again what he thought the applicable guideline range and mandatory minimums would be were the Government to file Section 851 enhancements, and that his potential sentence was life. *See id.* At that point, Joye asserts that Petitioner decided it was in his best interest to plead guilty and he negotiated a 15 year sentence under Rule 11(c)(1)(C). Joye indicates that he repeatedly explained to Petitioner that the choice was entirely his as to whether to plead and he was happy to try the case, but also advised that if Petitioner was unsuccessful at trial the consequences could be severe. *See id.* Joye avers that Petitioner pled guilty knowing all of this and rather than risking going to trial. *See id.* at 4.

Petitioner filed a response to the Government's motion, again asserting that counsel was ineffective in advising him to plead guilty to Count Three without informing him of the applicable law surrounding the charge and potential sentence. *See* ECF No.137 at 1. Petitioner appears to argue that if he had pled guilty to the gun charge his sentence would have been different, as that charge had a "10 year maximum sentence." *See id.* at 3.

To state a valid claim for ineffective assistance of counsel following a guilty plea: "[defendant] must show that defense counsel's representation fell below an objective standard of reasonableness pursuant to the prevailing professional norms, and that but for counsel's unprofessional errors he would not have pled guilty and would have insisted on going to trial." *United States v. Camp*, 566 Fed. App'x 226, 230 (4th Cir. 2014) (quoting *McGraw v. United States*, 106 F.3d 391 (table), No. 96–6161, 1997 WL 34431, at *1 (4th Cir. 1997)). As the government correctly notes, Petitioner's argument is based on an improper reading of the United States Supreme Court's decision in *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that any fact that increases a <u>mandatory minimum</u> sentence is an "element" that

9

must be submitted to the jury and proven beyond a reasonable doubt. *See id.* at 2163. However, the *Alleyne* court also specifically held that held that this ruling did mean that "any fact that influences judicial discretion must be found by a jury." *Id.* As the Supreme Court explained, "[w]e have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." *Id.*

Petitioner argues that counsel was ineffective because he did not explain *Alleyne's* ruling to him, and detail that the drug weights alleged in the indictment would have to be proven beyond a reasonable doubt in order to trigger the mandatory minimum. Petitioner is correct that the Government would have to prove any elements of the charged offenses and any sentencing enhancements beyond a reasonable doubt at trial, or have him admit to them via a guilty plea. Petitioner's argument however, fails to acknowledge that counsel's advice continued throughout the representation and plea negotiations, and changed as the circumstances changed.

Although the Government hasn't raised this issue, the Court first notes that *Alleyne* was decided on June 17, 2013, subsequent to Petitioner's sentencing on November 7, 2012. Thus, counsel could not have been ineffective in failing to detail its holding as the Supreme Court had yet to hand down this decision. *See, e.g.*, *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995) ("[T]he case law is clear than an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law."); *see also Johnson v. Armontrout*, 923 F.2d 107, 108 (8th Cir. 1991) (stating that "counsel's failure to anticipate a change in existing law is not ineffective assistance of counsel").

Furthermore, even if *Alleyne* had been handed down earlier, its rule would not apply to Petitioner's case. Counsel's purported failure to advise petitioner that alleged drug weights in the indictment must be proven beyond a reasonable doubt at trial was no longer relevant once most of

10

the indictment's counts were dismissed and Petitioner pled to only a "quantity" of cocaine base. In exchange for a guilty plea to one of the counts, the Government agreed to a Rule 11(c)(1)(C) stipulated sentence and to dismissal of the remaining Counts. Petitioner agreed to plead guilty to Count Three, and did not face a mandatory minimum for that charge. As the Court explained at the plea colloquy, for Count Three the "maximum possible penalty . . . is up to 20 years imprisonment, plus a fine of up to $1 million, plus at least three years supervised release, plus there is a special assessment of $100." *See* Plea Colloquy Transcript, ECF No. 101 at 18:7–11. As *Alleyne* clearly explains, its holding applies only to facts that increase a mandatory minimum, not facts that may influence sentencing discretion. *See Alleyne*, 133 S. Ct. at 2163.

In any event, the plea agreement, plea colloquy, and sentencing proceedings remedied any purported deficiency in counsel's lack of explanation of the penalties Petitioner faced for Count Three and the Government's burden. As noted above, the Court informed Petitioner of the potential penalties, and explained that if he went to trial he would "be presumed innocent and the government would be required to prove you guilty by competent evidence and beyond a reasonable doubt," *see id.* at 13:18–14:3. With this knowledge, Petitioner admitted to each element of Count Three. *See id.* at 17:9–20. Therefore, for *Alleyne's* purposes, in pleading guilty to this count Petitioner admitted to possessing with intent to distribute or distributing at least a quantity of cocaine base. *See United States v. Heard*, 561 Fed. App'x 873, 877 (11th Cir. 2014) ("[E]ven if Heard's *Alleyne* claim is properly presented, it is without merit because in the context of a guilty plea, an offense element—such as the attributable drug quantity—may be established either by a jury or by an admission."). Petitioner's guideline range was based solely on his plea to this offense and the relevant conduct detailed in the PSR. *See* Minute Entry and Judgment, ECF No. 87. Petitioner was also informed of the concept of relevant conduct at the plea colloquy, and the Court specifically

advised him that his "advisory guideline sentence range c[ould] be substantially affected by it." *See* ECF No. 101 at 9:11–24. Ultimately, although Petitioner faced a guideline range of 240 months, he received a Rule 11(c)(1)(C) stipulated sentence of 180 months. *See* Sentencing Transcript, ECF No. 3 at 3–8, 5:21–6:2.

Based on the record the Court cannot say that counsel was ineffective. Petitioner received a favorable sentence outside the guidelines pursuant to his Rule 11(c)(1)(C) stipulated sentence and, based on the record evidence, Petitioner has failed to satisfy his burden of demonstrating that but for counsel's performance, he would not have pled guilty and would have proceeded to trial. Petitioner's remaining arguments are without merit as they do not establish any ineffectiveness of counsel with regard to his guilty plea. There is no evidence whatsoever that would support Petitioner's claim that the Government would have allowed him to conditionally plead to Count Two and proceed to trial on Count Three but for counsel's ineffectiveness. Moreover, Petitioner's claim that Attorney Meetze informed him that he had not been charged with a federal offense and would get the case dismissed is completely unsupported by the record. The initial indictment, issued on December 12, 2011, clearly charged Petitioner with being a felon in possession of a firearm and possession with intent to distribute and distribution of a quantity of cocaine base, both of which are federal crimes. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); and 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

On the basis of the above, Petitioner has failed to show any deficient performance on the part of his attorneys, and therefore his claim of ineffective assistance of counsel cannot be sustained.

#### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

#### CONCLUSION

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is without merit, and that no evidentiary hearing is needed.

Based on the foregoing, it is **ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and Petitioner's Motion to Vacate is **DISMISSED**. **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

Florence, South Carolina
October 17, 2014